UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-CR-293 (JRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PLEA AGREEMENT AND** |
| v. ) | **SENTENCING STIPULATIONS** |
| ) | |
| CHRISTOPHER DOUGLAS WOOD, ) | |
| ) | |
| Defendant. ) | |

The United States of America and Christopher Douglas Wood (hereinafter referred to as "the defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 1 of the Information, which charges him with Possession with the Intent to Use a Firearm in a Federal Facility During the Commission of a Crime, in violation of 18 U.S.C. § 930(b).

2. **Factual Basis**. The defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

On the night of July 21, 2018, during the Aquatennial Fireworks display, the defendant fired three shotgun rounds at the Federal Reserve Bank ("FRB") in downtown

1



Minneapolis, from his Mossberg shotgun. The rounds fired by the defendant were "slugs" that caused more than $40,000 in property damage to the windows and façade of the FRB. Further, one of the slugs penetrated the triple-pane security windows and was later located in the ceiling of a seventh floor office of the FRB.

The defendant fired these shots from the United States Postal Service ("USPS") facility on South First Street – directly across Hennepin Avenue from the FRB. At the time of the shooting, the defendant was an employee of the USPS and had access to the secure parking structure from which he fired the shots. As a postal employee, the defendant knew he was prohibited from bringing a firearm into the USPS facility and was aware that numerous signs alerted both employees and the public that firearms were prohibited from the USPS facility. Despite knowing it was unlawful to bring a firearm to work, the defendant admits that on July 21, 2018, he did so anyway.

3. **Statutory Penalties**. The parties agree that Count 1 of the Information carries potential statutory penalties of:

    a.    a maximum of 5 years' imprisonment;

    b.    a maximum supervised release term of 3 years;

    c.    a maximum fine of up to $250,000; and

    d.    a mandatory special assessment of $100.00.

4. **Waiver of Indictment**. The defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. The

defendant further agrees to execute a written waiver of the defendant's right to be indicted by a grand jury on this offense.

5. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

6. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.     <u>Base Offense Level</u>. Based on the property damage caused by the defendant, the parties agree that the base offense level is 6 pursuant to USSG § 2B1.1(a)(2) based on the application of the Cross Reference described at USSG § 2K2.5(c).

    b.     <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by 6 levels because the offense involved property damage in excess of $40,000. (USSG § 2B1.1(b)(1)(D)).

        The parties agree that the offense level should be increased by 2 levels because the offense involved a firearm. (USSG § 2B1.1(b)(16)). The parties agree that no other specific offense characteristics apply.

    c.    **Acceptance of Responsibility**. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. (USSG § 3E1.1). The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

    d.    **Criminal History Category**. Based on information available at this time, the parties believe that the defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

    e.    **Guideline Range**. If the adjusted offense level is 12, and the criminal history category is I, the Sentencing Guidelines range is 10 to 16 months of imprisonment.

    f.    **Fine Range**. If the adjusted offense level is 12, the fine range is $5,500.00 to $55,000.00. (USSG § 5E1.2).

    g.    **Supervised Release**. The Sentencing Guidelines call for a term of supervised release of at least one but not more than three years. (USSG § 5D1.2).

8.    **Sentencing Recommendation and Departures**. The parties reserve the right to make motions for departures or variances from the applicable guideline and to

oppose any such motions made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable guideline.

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable guidelines. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. USSG § 5E1.3. The defendant agrees to pay the $100.00 special assessment prior to sentencing.

11. **Restitution**. The parties agree that this plea agreement does not result in a conviction for an offense to which the Mandatory Victim Restitution Act, 18 U.S.C. 3663A, applies. Nevertheless the parties further agree pursuant to 18 U.S.C. 3663(a)(3) that the court shall order restitution in this case in the amount of $40,242, payable to the Federal Reserve Bank of Minnesota.

12. **Waiver of Right to Trial.** The defendant understands that by pleading guilty he will waive all rights to a trial on the question of his guilt. The defendant has discussed these rights with his attorney and hereby enters a knowing, voluntary and intelligent waiver of those rights.

13. **Forfeiture**. The defendant agrees to forfeit to the United States any firearm with accessories and any ammunition involved in or used in any willful violation of Title 18, United States Code, Section 930(b), including a Mossberg shotgun bearing serial number V0783307 and all ammunition seized therewith. The defendant agrees that the United States may, at its option, forfeit such property through this case or a separate administrative or civil proceeding, waives any deadline or statute of limitations for the initiation of any such proceeding, and abandons any interest he may have in that property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of such property.

12. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

13. **Complete Agreement**. The guilty plea pursuant to this agreement is a final resolution on the issue of the defendant's guilt. There will not be a trial or appeal of any kind upon the issue of guilt, regardless of any dispute regarding the application of the Sentencing Guidelines. This, along with any agreement signed by the parties before entry

of plea, is the entire agreement and understanding between the United States and the defendant.

ERICA H. MacDONALD
United States Attorney

Date: 17 DEC 18

BY: CHARLES J. KOVATS, Jr.
Assistant U.S. Attorney


Date: 12-17-18

CHRISTOPHER DOUGLAS WOOD
Defendant


Date: 12,17,18

JOHN PRICE, Esq.
Counsel for Defendant